IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2541-JLK-AP

LYNN BOIKO,

        Plaintiff,

v.

ERIC HOLDER, Attorney General of the United States,
JANET NAPOLITANO, Secretary for the Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, United States Citizenship and Immigration
Services,
ANDREW LAMBRECHT, Acting Field Office Director for United States Citizenship
and Immigration Services,
ROBERT MATHER, District Director for the Denver USCIS District,

United States Department of Homeland Security,
United States Citizenship and Immigration Services,

        Defendants.

_____

ORDER
_____

KANE, J.

Plaintiff is a naturalized American citizen frustrated in her attempts to secure a

change of her birth date on her Naturalization Certificate.  After tortuous and ill-fated

proceedings before the ever-changing bureaucracies that oversee immigration matters,

Plaintiff filed a Complaint for Declaratory and Injunctive Relief in the district court,

seeking an order requiring Defendants "to issue a corrected Naturalization Certificate

showing Ms. Boiko's proper date of birth."  Complaint (Doc. 2), filed September 25,

2012. Because the Complaint was filed under the Administrative Procedure Act , the case was placed on the administrative appeal (AP) docket and assigned to me.  I have reviewed the Complaint, and make the following observations:

• Plaintiff's Complaint is in the nature of a petition for an order compelling the United States Citizenship and Immigration Service (USCIS) to issue her an amended certificate of naturalization reflecting her correct date of birth.

• Because the legal and jurisdictional standards governing Plaintiff's request are confusing, she has over-named the defendants to her suit and has unnecessarily couched her request in terms of a challenge to final agency action.  Plaintiff is not really seeking a review of any decision by the USCIS to "deny" her application for an amended certificate, and appears to concede that the USCIS's authority under the regulations she cites (8 C.F.R. §§  334.16(b) and 338.5) is limited to correcting clerical errors in naturalization certificates, not granting or "denying" the substantive change she seeks.

• I find Plaintiff's request best analyzed not as one for review of agency action under APA §§ 702, 706, but a request under APA § 703 or § 704 for a form of mandatory injunction.  Specifically, Plaintiff invokes the district court's implied authority under 8 C.F.R. § 334.16(b) to make the evidentiary findings necessary to authorize the USCIS to do that which it cannot do in the absence of such an order, i.e., issue a substantive correction of Plaintiff's naturalization certificate.  As examples of similar cases analyzed this way, the parties are directed to *Hussain v.*

*U.S. Citizenship and Immigration Services*, 541 F. Supp.2d 1082 (D. Minn. 2008) and *In re Chehrazi*, 2012 WL 3026537 (N.D. Cal. July 24, 2012)(both exercising jurisdiction under 8 C.F.R. § 334.16(b) and, by implication, the APA, to hold evidentiary hearing and granting petition for order directing change).

Based on the foregoing, Plaintiff may wish to AMEND her Complaint to simplify her claim and, perhaps, avoid redundancies in the naming of defendants.  Plaintiff's Amended Complaint, should she elect to file one, is due on or before **October 9, 2012**. Once service is effected, counsel for Plaintiff and counsel for Defendant(s) are DIRECTED to CONFER in an effort to resolve any issues they can and prepare a STATUS REPORT setting forth the parties' thoughts on how best and most expeditiously to resolve any disputes of fact.  As the Court is apt to say in circumstances such as this, "Don't make a federal case out of it."  Once the matter is teed up for resolution on the merits of Plaintiff's request, it may be drawn to a merits judge under D.C.COLO.LCiv.R 40.1 or, with the permission of the Chief Judge, retained by this Court for expedited ruling.

Dated this 27th day of September, 2012, at Denver, Colorado.


                              **s/John L. Kane**
                              SENIOR U.S. DISTRICT JUDGE