IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. **12-cv-2541-JLK**

LYNN BOIKO,

      Plaintiff,

v.

ERIC HOLDER, Attorney General of the United States,
JANET NAPOLITANO, Secretary for the Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, United States Citizenship and Immigration
Services,  ANDREW LAMBRECHT, Acting Field Office Director for United States Citizenship
and Immigration Services, ROBERT MATHER, District Director for the Denver USCIS District,
United States Department of Homeland Security, United States Citizenship and Immigration
Services,

      Defendants.

_____

**ORDER DENYING MOTION TO DISMISS**

_____

**KANE, J.**


      Plaintiff Lynn Boiko is a naturalized United States Citizen who seeks to have her

certificate of naturalization reissued to reflect her true birth date.  Defendant Department of

Homeland Security, Citizenship & Immigration Services ("CIS") moves to dismiss per FRCP

12(b)(1), arguing this Court lacks jurisdiction to order her certificate amended.  *Doc. 15*.  I

disagree with Defendant, finding jurisdiction proper under FRCP 60(b), and therefore DENY

Defendant's Motion.

### *Factual Background[1]*

      Mrs. Boiko was born Vuong Van Lan on June 7, 1959, in Hai Chau, Da Nang, Vietnam.

In 1975, Mrs. Boiko's mother sent Mrs. Boiko and two of Mrs. Boiko's siblings abroad, fearing

---

[1] The following facts, presented as true, are taken from the Petition to Amend, Doc. 8.

for their safety because the Vietnamese Communist government had taken Mrs. Boiko's father into custody for his entrepreneurial pursuits.  As Mrs. Boiko entered the United States via Hong Kong in 1978, a family friend advised her that she would be more likely to obtain refugee status if she were younger and accordingly told an immigration officer that Mrs. Boiko was born in 1962.  Mrs. Boiko's parents were not with her to refute the proffered date of birth and she had no documents suggesting to the contrary.  Removed from her native land, Mrs. Boiko's focus was on trying to learn the language and customs of her new country and recovering from the trauma she had just suffered.

Mrs. Boiko became a naturalized United States citizen on May 1, 1985, legally changing her name at that time to adopt the English spelling Lynn Van Wang, but neglecting to modify her listed date of birth.  Shortly after naturalization, Mrs. Boiko's parents sent her a number of documents, including a notice from the Embassy of the United States of America, Bangkok, Thailand.  The notice indicated that the government believed some of her siblings had entered the United States using the wrong names and wrong dates of birth and directed the siblings to show proof of having corrected their Alien files.  Acknowledging upon receipt of these documents that her information also was incorrect, Mrs. Boiko went forthwith to the Denver CIS office.   The office personnel provided no assistance and the unsatisfactory visit launched Mrs. Boiko into serial disappointment as she continually and unsuccessfully attempted to get her naturalization certificate to reflect her true date of birth.  Mrs. Boiko spent several frustrating and confusing years shuffling back and forth between CIS and the courts in the years that followed up to the present.

*Discussion*

Until October 1, 1991, federal district courts issued naturalization orders. *See* 8 C.F.R. § 310.4(a). The Immigration Act of 1990 transferred the power to naturalize from the judiciary to the executive branch, but nowhere in this shift did the Immigration Act eradicate a court's essential authority to deal with orders it issued under the prior scheme. *See* Immigration Act of 1990, Pub.L. No. 101–649, § 401(a), 104 Stat. 5038 (Nov. 29, 1990).[2] Thus, we have jurisdiction to amend naturalization certificates that this court issued before October 1991, as is the case here.

The pre-1991 version of the statute, 8 U.S.C. § 1451(i) (1990) explicitly sets forth our power to amend naturalization certificates as follows:

> (i) Power of court to correct, reopen, alter, modify or vacate judgment or decree
>
> Nothing contained in this section shall be regarded as limiting, denying, or restricting the power of any naturalization court, by or in which a person has been naturalized, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person, during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action.

Thus, under § 1451(i), a naturalization court has the "inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60." *Magnuson v. Baker*, 911 F.2d 330, 335 n. 11 (9th Cir.1990); *see also McKenzie U.S. Citizenship and Immigration Services, Dist. Director*, 2012 WL 5954193, at *1 n.2 (W.D.Okla. Nov. 28,

---

[2] Even were the statute not manifestly clear in granting this Court's jurisdiction, I would endeavor to find a reasonable legal interpretation making it so.  As Judge Learned Hand wrote almost a century ago, "No one wants gratuitously to impose upon naturalization proceedings that technical spirit which easily follows a literal application of so detailed a statute, and which results in vexatious disappointment, and in needless irritation, to a defenseless class of persons necessarily left to the guidance of officials, except in so far as the courts may mitigate the rigors of their interpretation." *In re Denny*, 240 F. 845, 846 (S.D.N.Y.1917).

2012)("Because prior to 1990, the order naturalizing an individual was a court order, a court would have jurisdiction to amend a pre–1990 certificate of naturalization (naturalization order) pursuant to Federal Rule of Civil Procedure 60.")

Having more than satisfied myself that this Court has jurisdiction, the only matter to decide is whether Plaintiff has satisfied the timeliness requirements of Rule 60 (b).  Motions made per FRCP 60(b)(1)-(3) must be made "no more than a year after the entry of judgment or order or the date of the proceeding."  None of the other grounds for providing relief under Rule 60(b), however, have a firm deadline; the only qualification is that such requests be made within a "reasonable" time.

Here, I find Plaintiff did make her request within a reasonable time.  As substantiated by voluminous exhibits, Mrs. Bioko repeatedly tried to correct the information on her naturalization certificate, attempting to remedy her predicament in any venue she thought possible, whether court or agency.  Moreover, the balance of equity in this case favors relief.  Defendant itself characterizes Mrs. Bokio's plight as "unfortunate," *Doc. 17* at 3, and offers only the length of time between Mrs. Boiko's current petition and her naturalization date to conclusorily state that Mrs. Boiko's request is unreasonable.  Defendant does not dispute that Mrs. Boiko's allegedly correct birth date, which is supported by her Vietnamese birth certificate, is her actual birth date, nor does it argue that it faces any prejudice from having to change Mrs. Boiko's birth date on her records. In fact, the government, and the public at large, would appear to benefit from having the most accurate vital statistics records possible. Thus, in light of the absence of any prejudice to Defendant, the public interest in having accurate records on vital statistics, and the burden on Plaintiff from having inconsistent records regarding key personal information that is fundamental

to proof of identity and eligibility for such things as Social Security benefits, I conclude that the

circumstances of this case justify relief under FRCP 60(b)(6).

*Conclusion*

For the foregoing reasons, Defendant's Motion to Dismiss, Doc. 15, is DENIED.

DATED:        February 26, 2013                          BY THE COURT:
                                                         */s/John L.Kane*
                                                         U.S. Senior District Judge